IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILBERT BROWN, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. G-05-692 |
| SHELL EXPLORATION AND PRODUCTION COMPANY, | § § § § | |
| Defendant. | § § | |

**ORDER DENYING DEFENDANT'S**
**MOTION TO TRANSFER VENUE**

In this admiralty case, Wilbert Brown ("Plaintiff") alleges that he was injured when he slipped while working in the galley on an offshore platform. Now before the Court comes Defendant Shell Exploration and Production Company's ("Defendant") Motion to Transfer Venue to the Eastern District of Louisiana  For the reasons stated below, Defendant's Motion is respectfully **DENIED**.

I.     Background

Plaintiff was employed as a rigger on Defendant's platform at the time of his alleged injury. The accident occurred on November 29, 2005, while Plaintiff was a resident of Louisiana.  Trial in this case is set for October 16, 2006.

II.    Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d

1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.   Analysis

A.   *Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.* Defendant maintains that numerous fact witnesses, including those who were working with Plaintiff at the time of his accident, are Louisiana residents, so the convenience of key witnesses weighs in favor of transfer. Plaintiff responds that he has received his most

significant medical treatment in the Southern District of Texas.   Plaintiff also notes that the key expert witnesses are within this District.

While it may be true that most key witnesses for the defense reside outside of Texas, Defendant has not provided the Court with descriptions of likely testimony to be given by most of its potential witnesses.  Without descriptions of testimony, this Court cannot evaluate the importance of the potential witnesses that Defendant mentions.   Plaintiff will certainly call at least one treating physician, who will be a key witness for Plaintiff.   Since that physician resides in this District, Galveston is more convenient for him than Louisiana. Since Defendant has failed to outline testimony or prove that the Eastern District of Louisiana will increase the availability and convenience of witnesses, this factor weighs against transfer.

B.  *Location of Books and Records*

The location of books and records generally does not weigh heavily in personal injury cases, and Defendant has not given the Court any indication that records located in Louisiana are so voluminous as to cause Defendant to incur substantial cost in transporting them to this Court.  *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston.") Therefore, this factor does not weigh for or against transfer.

C.  *Potential for Delay*

This case is set for trial on October 16, 2006.  Given the proximity of the trial date, it is a near certainty that transfer would result in a substantial delay in the resolution of this case.  With trial only six weeks away, the potential for delay weighs against transfer.

D.  *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, Plaintiff's choice of forum is entitled to less deference when he does not reside within this Division or even this

District. *See, e.g.*, *Robertson*, 979 F. Supp. at 1109 (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Louisiana, so his choice of forum is entitled to little deference. However, it cannot be completely ignored. Therefore, this factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

This accident occurred in Alabama territorial waters. Since it did not occur in this District of the proposed transferee District, this factor weighs neither for or against transfer.

III.   Conclusion

While the Court understands that Defendant and its witnesses may incur some expense in trying this case in this Court, Defendant has not met its burden of proving that a transfer at this late stage in the trial process would be in the interests of justice. Plaintiff has received significant treatment in this area for his alleged injuries, and those doctors are very likely to be key witnesses at trial. For the reasons stated above, Defendant's Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 5th day of September, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge